**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| GARY A. ZIERKE, | ) | CASE NO: 4:09CV3104 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| JEFF SHELTON, MATTHEW R. | ) | |
| MOLSEN, MACHELLE SANCHEZ, | ) | |
| KELLY SVOBODA, SONYA | ) | |
| MARTINEZ, and TIM VORHEES, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on May 18, 2009.  (Filing No. 1.)  Plaintiff has previously been given leave to proceed in forma pauperis.  (Filing No. 9.)  The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I.    SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on May 18, 2009, against six individuals: Jeff Shelton, Matthew R. Molsen, Machelle Sanchez, Kelly Svoboda, Sonya Martinez and Tim Vorhees. (Filing No. 1 at CM/ECF pp. 1-3.)  Liberally construed, Plaintiff sues these Defendants in their individual capacities only.  (*Id*. at CM/ECF p. 4.)  Plaintiff is currently confined in the Federal Transfer Center in Oklahoma City, Oklahoma.  (Filing No. 6.)

Condensed and summarized, Plaintiff alleges that Defendants Sanchez, Svoboda, Martinez and Vorhees "gave false information and slandered [him]."  (Filing No. 1 at CM/ECF pp. 5-6.)  Plaintiff also alleges that Defendants Shelton and Molsen gave false testimony to a grand jury.  (*Id*.)   Plaintiff seeks monetary damages in an amount of $5,000,000.00.  (*Id*. at CM/ECF p. 6.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

### A. Plaintiff's Slander Claims Against Shelton and Molsen

The court liberally construes Plaintiff's Complaint to allege slander claims against Defendants Shelton and Molsen for providing false testimony to a grand jury. (Filing No. 1 at CM/ECF pp. 5-6.) However, a witness testifying before a grand jury is immune from

2

section 1983 liability for the content of his or her testimony.  *See Briscoe v. LaHue*, 460 U.S. 325, 329, 341-43 (1983).  Accordingly, Plaintiff's slander claim against Shelton and Molsen are dismissed with prejudice.[1]

### B. Plaintiff's Slander Claims Against Sanchez, Svoboda, Martinez and Vorhees

The court also liberally construes Plaintiff's Complaint to allege slander claims against Defendants Sanchez, Svoboda, Martinez and Vorhees under the Federal Tort Claims Act ("FTCA").  (Filing No. 1 at CM/ECF pp. 5-6.)  However, slander claims are not cognizable under the FTCA.  *See Forrest City Mach. Works, Inc. v. United States*, 953 F.2d 1086, 1087 (8th Cir. 1992); 28 U.S.C. § 2680(h) (stating the FTCA does not apply to any claim "arising out of" libel or slander); *Moessmer v. United States*, 760 F.2d 236, 237-38 (8th Cir. 1985) (concluding a dissemination of false information claim falls within libel and slander exception to FTCA waiver of sovereign immunity).  Moreover, slander and defamation claims are not cognizable under section 1983.  *See Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975); *Morey v. Independent School District*, 429 F.2d 428 (8th Cir. 1970).  Because Plaintiff's slander claims are not cognizable under the FTCA or

---

[1] To the extent that Plaintiff is challenging a conviction, he should do so in a habeas corpus or similar proceeding.  Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought.  As set forth by the Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973), and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a conviction or continued confinement of a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum.  Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement.  *See Heck*, 512 U.S. at 486-87.

3

section 1983, Plaintiff's remedy lies in state court. Thus, Plaintiff's slander claims are dismissed without prejudice to reassertion in state court.

    IT IS THEREFORE ORDERED that:

1.    Plaintiff's claims against Defendants Shelton and Molsen are dismissed with prejudice;

2.    Plaintiff's claims against Defendants Sanchez, Svoboda, Martinez and Vorhees are dismissed without prejudice; and

3.    A separate Judgment will be entered in accordance with this Memorandum and Order.

DATED this 9th day of September, 2009.

                      BY THE COURT:

                      s/Laurie Smith Camp
                      United States District Judge

---

    *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.